**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

2004 AUG -3  AM 11: 53

CLERK _____
SO. DIST. OF GA

| | | |
|---|---|---|
| COMMODITIES FUTURES TRADING COMMISSION, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 101-141 |
| GEORGE HEFFERNAN, | * * | |
| Defendant. | * | |

## O R D E R

In the captioned case, this Court granted partial summary judgment for Plaintiff in February 2003 upon finding that Defendant violated the Commodity Exchange Act ("the Act") and an order of the Commodity Futures Trading Commission which required Defendant to cease and desist his fraudulent practices. (Doc. No. 39.) The Court then ordered Defendant to disgorge $275,000, pay a civil monetary penalty of $125,000, and compelled Defendant to prominently display a court-drafted risk disclaimer on any website or other material that he might publish relating to commodities. (Order of August 4, 2003, Doc. No. 49.) This Order, dated August 4, 2003, closed the case and entered final judgment against Defendant.

Defendant filed a notice of appeal from this Order on September 3, 2003. On February 3, 2004, the Eleventh Circuit

dismissed the appeal because Defendant had failed to timely file the appellant's brief. From Defendant's recent submissions, it appears that he filed a motion for reinstatement of appeal with the Eleventh Circuit, which was denied on May 21, 2004. (Pl.'s Mot. for Reconsideration, Ex. A.)

Upon a motion by Plaintiff, this Court held a rule nisi hearing on May 18, 2004 to determine whether Defendant was in contempt of court for violating the Court's previous order of August 4, 2003. Specifically, the Court's inquiry focused on whether Defendant had displayed the disclaimer as ordered. Based upon the evidence and oral argument, I concluded that the Order of August 4, 2003, was not sufficiently unambiguous such that reasonable minds could differ on its interpretation and application. Thus, I found Defendant was not in contempt and modified the August 4, 2003 to clarify any confusion or misunderstanding as to its purpose. (Order of June 4, 2004, Doc. No. 66.)

Defendant filed the instant motion for reconsideration in this Court on June 15, 2004.[1] (Doc. No. 67.) Thereafter, he filed another notice of appeal from the August 3, 2003 and the June 4, 2004 Orders. (Doc. No. 68.)

---

[1] Curiously, Defendant captioned the motion for reconsideration in the Eleventh Circuit Court of Appeals and in such motion asks for reinstatement of his appeal. Nevertheless, he sent the motion to this Court and specifically states that he has additional evidence to submit in regards to the May 18, 2004 contempt hearing. Accordingly, the motion was properly docketed in this Court as a motion for reconsideration.

2

Upon due consideration of Defendant's motion for reconsideration, I find that he has presented no new legal argument or other grounds for relief from any prior order of this Court in this case. In particular, I emphasize that this Court's Order of June 4, 2004, which found Defendant was not in contempt, did nothing to vacate, reverse or even modify the underlying conclusion of law set forth in the Order of February 18, 2003 (granting Plaintiff partial summary judgment) or August 4, 2003 (addressing Plaintiff's remedy); that is, that Defendant violated the Commodity Exchange Act and an order of the Commodity Futures Trading Commission. The Order of June 4, 2004 did not change that conclusion but instead reinforced the notion that Plaintiff is entitled to the remedial measures outlined therein for Defendant's violations.

Upon the foregoing, to the extent that Defendant seeks a jury trial, and consequently reconsideration of this Court's prior rulings, said motion (doc. no. 67) is **DENIED**. To the extent that Defendant seeks a reinstatement of his September 3, 2003 appeal, such request is not within this Court's purview to consider and better directed to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of August, 2004.

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
Southern District of Georgia

        Case Number:    1:01-cv-00141
        Date Served:    August 3, 2004
        Served By:      Joseph A. Howell

Attorneys Served:

    Kenneth D. Crowder, Esq.
    Theodore J. Dowd, Esq.
    Erin E. Powell, Esq.
    George Heffernan, 9654 N. Kings Hwy., #225, Myrtle Beach, SC 29572

 Also: Clerk, U.S. Court of Appeals, 56 Forsyth St., NW, Atlanta, GA 30303

                    ✓ Copy placed in Minutes
                    ✓ Copy given to Judge
                    ___ Copy given to Magistrate